| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-44 |
| | ) | (PHILLIPS/SHIRLEY) |
| MICHELLE CHAVEZ, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the defendant's Motion for Travel Expenses [Doc. 313], pursuant to a referral [314] of said motion from the District Court.  See 28 U.S.C. § 636(b). The defendant, who is on supervised release in Tucson, Arizona, requests the Court to order the payment of her travel expenses from her home to Knoxville, Tennessee, to attend her sentencing hearing, which has been scheduled for January 9, 2009, at 1:00 p.m.  In support of this motion, she has filed an Affidavit [Doc. 318], which states that she earns $1,200 monthly, her living expenses and rent cost approximately $1350 per month, and she has no real or personal assets.

A United States Magistrate judge may order that the United States Marshal arrange for non-custodial transportation or provide the fare for same for a defendant released on conditions in another district to travel to the prosecuting district for a court appearance if the judge is satisfied that (1) such order would be in the interests of justice and (2) the defendant is not financially able to provide the transportation on his or her own.  18 U.S.C. § 4285.  This statute is limited to the

1

payment of one-way travel for a court appearance. Id.; United States v. Birdhorse, No. 2:07-CR-65, 2007 WL 2358634, *2 (D. N.D. Aug. 17, 2007). The policy behind the statute is to gain the defendant's appearance both economically and expeditiously:

> Arranging for noncustodial transportation is an efficient means of securing court appearances by willing indigent defendants. Absent that payment for noncustodial transportation, the likely result is custodial transportation following issuance of a warrant, at far higher costs to the United States Marshal's Service.

Birdhorse, 2007 WL 2358634, at 2.

In the present case, the Court determined [Doc. 187] that the defendant qualified for appointed counsel based upon the financial affidavit she tendered to the Court. The affidavit that she submitted in support of her motion reflects that her means are still quite limited. The Court finds that the defendant is not financially able to provide transportation from Arizona, where she resides, to the Eastern District of Tennessee for her sentencing in January. Moreover, the Court also finds that the provision of travel expenses as outlined herein is in the interests of justice because of the need to conclude the defendant's case, the financial status of the defendant, and the lack of an objection by the government.

Accordingly, the defendant's Motion for Travel Expenses [**Doc. 313**] is **GRANTED**. The United States Marshal is **ORDERED** to provide noncustodial transportation or the fare for such transportation for the defendant to travel from Tucson Arizona, to Knoxville, Tennessee, in order for to attend her sentencing hearing before District Judge Thomas W. Phillips on January 9, 2009, or on such future date as the sentencing hearing occurs if it is continued. The defendant is cautioned that such transportation is only provided for the trip from Tucson, Arizona to Knoxville, Tennessee.

2

The Clerk of the Court is to provide three (3) certified copies of this order to the United States Marshal. The marshal shall coordinate with defense counsel Steven G. Shope in making the defendant's travel arrangements.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge